IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | No. 08 B 21531 |
| JSOLO Corp., | ) | *Hon. Bruce W. Black* |
| | ) | Hearing Date: December 3, 2009 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

To:  See attached Service List

　　PLEASE TAKE NOTICE that on December 3, 2009, at 9:30 a.m., I shall appear before the Honorable Bruce W. Black in Courtroom 615 of the Dirksen Federal Building, 219 S. Dearbom Street, Chicago, Illinois 60604, and then and there present the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, a copy of which is attached hereto and thereby served upon you.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Timothy C. Culbertson

CERTIFICATION OF SERVICE

　　I, the undersigned attorney, certify that I served those appearing on the Service List attached hereto a copy of this Notice and the Reorganized Debtor's Motion to Issue Final Decree and Report as to the Status of its Plan of Reorganization, by causing the same to be delivered by the Court's ECF filing system to those who receive such notices, and as to the remaining recipients by causing the same to be placed in the U.S. Mail, first class postage prepaid, before the hour of 4:30 p.m. on this 20th day of November, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Timothy C. Culbertson

Timothy C. Culbertson
ARDC No. 6229083
Baugh Dalton Carlson & Ryan, LLC
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
312-759-1400

## Service List

Admore
c/o Ennis, Inc.
P.O. Box 971478
Dallas, TX 75397-1478

AmeriCAL, Inc.
6620 F. Street
Omaha, NE 68117

ASI
4800 Street Rd.
Feasterville Trevose, PA 19053-6698

AT&T
Bankruptcy Department
PO Box 769
Arlington, TX 76004

BCT
701 N. Raddant Rd.
Batavia, IL 60510

Blanks USA
8625 Xylon Court North
Minneapolis, MN 55445-1840

Carlson Craft
PO Box 8700
Mankato, MN 56002-8700

Chana's Printing Center
4455 N. Milwuakee
Chicago, IL 60630

Commonwealth Edison
System Credit/Bankruptcy Dept.
2100 Swift Drive
Oak Brook, IL 60523

Dell Forms
PO Box 742572
Cincinnati, OH 45274-2572

Design It
877 W. New York Ave.
Deland, FL 32720

DFS Group
PO Box 88042
Chicago, IL 60680-1042

Diana E. Larsen
207 W. Hiawatha Tr.
Mount Prospect, IL 60056

Ennis, Inc.
PO Box 34
Wolfe City, TX 75496

Folder Express
11616 I Street
Omaha, NE 68137

Fox Valley Towels
1631 N. 31st Ave.
Des Plaines, IL 60018

Genoa Business Forms, Inc.
445 Park Ave.
P.O. Box 450
Sycamore, IL 60178

Georgia A. Veremis
1581 Van Buren
Des Plaines, IL 60018

Graphic 5, Inc.
1440 Landmeier Rd.
Elk Grove Village, IL 60007

Group 3 Envelopes, Inc.
237 Evergreen St.
Bensenville, IL 60106-8011

Guardsman Laminating, Inc.
884 S. County Line Rd.
Bensenville, IL 60106

Independent Printing Co.
Dept. 5287
P.O. Box 2015
Milwaukee, WI 53201

ISC America
750 Creel Dr.
Wood Dale, IL 60191

Kara Bismark Thurbush
778 E. Fifth Ct.
Des Plaines, IL 60016

Konica Minolta Business Systems
1701 W. Golf Rd., No. 800
Rolling Meadows, IL 60008

Konica Minolta Corp.
21146 Network Place
Chicago, IL 60673-1211

Lewis Paper Place
97 E Marquardt Dr.
Wheeling, IL 60090

Lewtan Industries
30 High Street
P.O. Box 2049
Hartford, CT 06145-2049

Michael Conrad, Esq.
1561 Oakton St.
Des Plaines, IL 60018

MMP Intenational
61 Executive Blvd.
Farmingdale, NY 11735

MMP Morton Grove
6038 Dempster
Morton Grove, IL 60053

MMP Supply
61 Executive Blvd.
Farmingdale, NY 11735

Nicor
Attn: Bankruptcy & Collections
P.O. Box 549
Aurora, IL 60507

Nunbers Automation, Inc.
1239 Rand Road
Des Plaines, IL 60016

Package Deal, Inc.
2400 Frederick Ave., Suite 312
Saint Joseph, MO 64506

Polpress, Inc.
Dept. 4905
Carol Stream, IL 60122-4905

Premier Check Printing
553 Hayward Ave., Suite 250
Saint Paul, MN 55128

Richards, Ralph & Schwab, Chtd.
175 E. Hawthorn Pkwy, No. 345
Vernon Hills, IL 60061

Samuel L. DePasquale
1785 E. Campbell
Des Plaines, IL 60018

Sharper Dot Printing, Inc.
6204 Oakton St.
Morton Grove, IL 60053

Sign-A-Rama
1161 Lee St.
Des Plaines, IL 60016

Spiral Binding Company, Inc.
One Maltese Dr.
P.O. Box 286
Totowa, NJ 07511

Team Concept Printing
540 Tower Blvd.
Carol Stream, IL 60188

Total Fire & Saftey, Inc.
6808 Hobson Valley Dr., Unit 105
Woodridge, IL 60517

TradeMark Designs
PO Box 217
Minster, OH 45865

Vantage Apparel
PO Box 60
100 Vantage Dr.
Avenel, NJ 07001

Vogt Color Printing
901 W. Algonquin Rd.
Algonquin, IL 60102

Western States Envelope & Label
PO Box 88984
Milwaukee, WI 53288-0984

WR Type
8120 River Dr.
Morton Grove, IL 60053

Xpedex
PO Box 18453
Chicago, IL 60618-0453

JSOLO Corp.
Attn: Jim Solotke
1517 E. Oakton Street
Des Plaines, IL 60018

**via ECF:**
Office of the U.S. Trustee

Francis J. Pendergast
Counsel to BankFinancial

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | No. 08 B 21531 |
| JSOLO Corp., | ) | *Hon. Bruce W. Black* |
| | ) | Hearing Date:  December 3, 2009 |
| Debtor. | ) | Hearing Time:  9:30 a.m. |

**REORGANIZED DEBTOR'S MOTION TO ISSUE FINAL DECREE
AND REPORT AS TO THE STATUS OF ITS PLAN OF REORGANIZATION**

The Reorganized Debtor ("the Debtor"), by and through its attorney, Timothy C. Culbertson of Baugh Dalton Carlson & Ryan, LLC, moves this Court to issue a Final Decree in this matter pursuant to F.R.Bankr.P. 3022, and in further support hereof, states as follows:

1.  On October 8, 2009, this Court issued an Order confirming the Debtor's Second Amended Plan of Reorganization ("the Plan").

2.  Paragraph 1.11 of the Plan defines the Effective Date thereof as the date thirty (30) days following the entry of the Final Order confirming the Plan.

3.  The Plan Effective Date occurred on November 8, 2009, and the Order confirming the Plan has become a final Order.

4.  Pursuant to the Plan, as of the Effective Date, the following acts were to have occurred:  the Reorganized Debtor was to either retain its DIP checking account or open a new account separate from its business operating account for the purposes of funding and disbursements under the Plan.  The Reorganized Debtor is to deposit the monthly Plan payment into that separate account and make distributions to creditors as set forth in the Plan above on the last business day of each third month following the Plan Effective Date until completion of all required payments.  To date, all of the forgoing requirements under the terms of the Plan have been complied with by the Debtor.

5.      Prior to confirmation of the Plan, the Debtor had reviewed the Claims filed in the case as well as its pre-petition activities and determined that no objections to claims or other adversary matters were warranted. Accordingly, there are no pending and continuing contested or adversary matters related to this Chapter 11 case.

6.      Section 350 of the United States Bankruptcy Code provides in relevant part as follows: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). F.R.Bankr.P. 3022 provides in as follows: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The Advisory Notes of Rule 3022 provide in most relevant part as follows:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Further, Courts have recognized that the fact that disbursements under the Plan will become due in the future does not preclude the entry of an order closing a Chapter 11 case. *See, e.g.*, *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). Finally, Section 1101 of the Code provides that:

(2) "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

      (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

      (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

    7. As set forth herein above, the Order confirming the Reorganized Debtor's Plan has become a final Order, and the Reorganized Debtor has complied with all of the requirements set forth in the Plan to date. Specifically, James Solotke, the Debtor's President and sole shareholder has assumed the management of the business of the Reorganized Debtor as set forth in the Plan, payment under the terms of the Plan have commenced, and no motions, contested matters or adversary proceedings remain pending. Accordingly the Reorganized Debtor believes that an order closing this case is appropriate at this time.

    WHEREFORE, the Reorganized JSOLO Corp., prays that this Court grant the relief requested herein, and issue a Final Decree closing the case.

                                                           JSOLO Corp.

                                        By:     /s/ Timothy C. Culbertson
                                                         Its Attorney

Timothy C. Culbertson
ARDC No. 6229083
Baugh Dalton Carlson & Ryan. LLC
55 West Monroe Street, Suite 600
Chicago, Illinois 60603
312-759-1400